**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


John S. Briand
Public Integrity Data Base of New England


    v.                                              Civil No. 08-cv-24-JL


James A. Watson
Bryant G. Pake


**REPORT AND RECOMMENDATION**


    Before the Court is John Briand's complaint (document no. 1), filed on behalf of himself and Public Integrity Data Base of New England ("PIDB") pursuant to 42 U.S.C. § 1983, alleging that plaintiffs' rights under the federal Constitution, as well as federal and state statutory law, have been violated.[1]  The matter

---

[1] Also pending before the Court is plaintiffs' motion for leave to file an amended complaint (document no. 6).  I deny the motion, without prejudice to the filing of a proper amended complaint or motion to amend complaint, as it fails to comply with United States District Court District of New Hampshire Local Rule 15.1 which requires that:

> (a) A party who moves to amend a filing shall (i) attach the proposed amended filing to the motion to amend, (ii) identify in the motion or a supporting memorandum any new factual allegations, legal claims, or parties, and (iii) explain why any new allegations, claims, or parties were not included in the original filing.

is before me for preliminary review to determine whether or not the complaint states any claim upon which relief might be granted.  See 28 U.S.C. § 1915A; United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).  For the reasons stated herein, I recommend that the claims alleging violations of the Freedom of Information Act, 5 U.S.C. § 552, and the New Hampshire Right to Know Law, N.H. Rev. Stat. Ann. ("RSA") § 91-A, be dismissed.  I further recommend that plaintiff PIDB be dismissed.  In an Order issued simultaneously with this Report and Recommendation (hereinafter the "Simultaneous Order"), I direct that the Fourth Amendment claim alleging an unconstitutional entry into Briand's home, be served on defendants Watson and Pake.

## Standard of Review

Under this Court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review.  LR 4.3(d)(1)(B).  In conducting the preliminary review, the Court construes pro se

---

(b) Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall reproduce the entire filing as amended and may not incorporate any prior filing by reference, except by leave of court.

pleadings liberally, however inartfully pleaded. See <u>Erickson v. Pardus</u>, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) and <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See <u>Castro v. United States</u>, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See <u>id.</u> This review ensures that pro se pleadings are given fair and meaningful consideration.

<u>Background</u>

1. <u>Facts Relating to Release of Information Claims</u>

On August 7, 2007, Amy Levesque sought the assistance of John Briand of PIDB in investigating governmental corruption, apparently as it related to either her criminal case or her

probation supervision.  To enable Briand and PIDB to investigate her case, Levesque signed a release of information and a durable power of attorney on September 18, 2007, giving her probation officer, James Watson, permission to release all of her records in his possession to Briand, including, but not limited to: criminal, court, jail, probation, motor vehicle, medical, and mental health records.

On October 18, 2007, Briand wrote to Watson requesting a copy of Levesque's probation file.  Briand included Levesque's signed release of information and durable power of attorney with the request.

On January 3, Watson wrote to Briand indicating that Levesque had, on that date, revoked, in writing, her consent to release information to Briand.  Watson indicated that although the New Hampshire Department of Corrections ("DOC") attorney had authorized release of the file, it could not be released or forwarded to Briand without consent from Levesque.  On January 14, 2008, Briand wrote to Levesque advising her that without signed permission to obtain her file, the PIDB would not be able investigate corruption in her case.

Briand has filed, with his complaint, an affidavit signed by Levesque on January 14, 2008, indicating that Watson called her on January 3, 2008, and insisted she report immediately to the probation office.  When she arrived at the office, Watson told her that she had to sign a revocation of her permission to release her probation file to Briand, or her probation would be violated and she would be incarcerated immediately.  Watson further advised Levesque that she was not permitted to have contact with Briand because he has a criminal record.  Watson also refused to provide a copy of Levesque's file directly to her because he did not want her to turn it over to Briand who, he claimed, was "only out to hurt" her.

2.   Facts Relating to Defendants' Entry to Briand's Home

Briand alleges that on August 25, 2007, defendants Watson and Bryant Pake, both New Hampshire probation officers, entered his home without permission, privilege, or license to do so. Once inside his home, they threatened to arrest him on obstruction of justice charges they knew to be false and to pepper spray him.

Because the date of entry into Briand's home predates Briand's request for information by almost a month, it does not

appear that the entry was related to Briand's request for Levesque's probation file, and Briand provides no other information as to what may have prompted the harassing entry into his home.

## Discussion

I.  Fourth Amendment Claim

A government official may be held personally liable under 42 U.S.C. § 1983 if, acting under color of state law, the official caused the deprivation of a federal constitutional or statutory right. Kentucky v. Graham, 473 U.S. 159, 166 (1985).[2] Briand alleges that Watson's and Pake's entry into his home on August 25, 2007, presumably without a warrant, and plainly without Briand's consent, violated his Fourth Amendment right not to be subjected to an warrantless and unreasonable search and seizure

---

[2] 42 U.S.C. § 1983 states, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

in his home.[3]  Because Briand claims that the defendants, both state probation officers, acted under color of state law in violating his Fourth Amendment rights, his claim arises under § 1983.

It is a "'basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable.'"  Brigham City, Utah v. Stuart, 547 U.S. 398, 402 (2006) (quoting Groh v. Ramirez, 540 U.S. 551, 559 (2004)) (additional internal citations omitted).  While exceptions to the prohibition on warrantless entry exist to accommodate the presence of emergency or urgent circumstances, see Brigham City, 547 U.S. at 402 (collecting cases permitting exceptions to the warrant requirement), no such exceptions or exigencies are present here, as the facts are alleged in the complaint.  According to Briand, the officers entered his home without a warrant, and without any reason to believe that they

---

[3]The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

were otherwise authorized to be in his home.  The Fourth Amendment does not permit such an entry.  <u>See</u> <u>id.</u> at 402 (only compelling exigencies suffice to obviate the need for a warrant to enter a person's home without his consent).

I find that, while Briand's description of the events of August 25, 2007 lacks detail, at this point in the proceedings, the complaint states the minimum facts necessary to allow Briand's Fourth Amendment claim to proceed against defendants Watson and Pake.  In my Simultaneous Order, I will direct that the Fourth Amendment claim be served on those defendants.

II.  <u>Claims Relating to the Request for Information</u>

Briand alleges that he has a right to receive certain records upon an appropriate request.  These rights accrue to Briand, he claims, under the federal Freedom of Information Act ("FOIA"), 5 U.S.C. § 522(a)&(b), and New Hampshire's Right-to-Know law, RSA § 91-A ("91-A").  Because the defendants are state officials acting in their capacity as such, Briand brings this action under § 1983

    A.  <u>FOIA Claim</u>

FOIA requires federal agencies, upon request, to make certain documents, regulations, and records available to the

public.  See 5 U.S.C. § 552(a); Toledo v. P.R. Labor & Human Res. Dep't, 203 F. Supp. 2d 127, 130 (D.P.R. 2002).  FOIA, however, by its own terms, applies only to federal agencies.  See 5 U.S.C. §§ 551(1), 552(a); Philip Morris Inc. v. Harshbarger, 122 F.3d 58, 83 (1st Cir. 1997).  Here, Briand claims that defendants, representatives of the DOC, refused to provide information to him upon his request.  Briand's claim fails because the DOC is a state agency, and is not governed by FOIA.  No rights accrue to plaintiffs under FOIA for disclosure of records allegedly refused by a state agency.  See id. (conduct of state agencies not inhibited by FOIA).  For that reason, I recommend that the FOIA claim be dismissed from this action.

    B.   91-A Claim

Briand also asserts that his state law rights to the disclosure of Levesque's records have been violated by the defendants' refusal to produce those records.  Federal courts, however, are courts of limited jurisdiction.  Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 552 (2005) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).  The presumption is that a federal court lacks jurisdiction.  Kokkonen, 511 U.S. at 377.  Consequently, the burden is on the

plaintiff who claims jurisdiction to affirmatively allege and prove jurisdiction. Id. To bring a civil action within the court's subject matter jurisdiction, a plaintiff must allege that his action involves either a federal question or diversity jurisdiction. See 28 U.S.C. §§ 1331 & 1332.

Where, as here, there is no diversity of the parties, this Court can obtain jurisdiction over a state law claim only by exercising its supplemental or pendant jurisdiction over that state claim where the claim is part of the same case or controversy as a federal question claim properly before this Court. See 28 U.S.C. § 1367(a) (allowing court to exercise supplemental jurisdiction over state law claims that are "so related to the claims in the action within the original jurisdiction that they form part of the same case or controversy); see also United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). Here, Briand's state law claim arises out of the same facts and circumstances as his FOIA claim. Because I have recommended dismissal of the FOIA claim, however, I recommend that this Court decline to exercise it's pendant jurisdiction over the 91-A claim.

Although I am, in my Simultaneous Order, directing that Briand's Fourth Amendment claim be allowed to proceed, I cannot find, based on even a very generous reading of the facts alleged, that the Fourth Amendment claim arises out of the same case or controversy as the 91-A claim.  Briand alleges that Watson and Pake came to his home and violated his Fourth Amendment rights almost a month before he even requested that Levesque's records be provided to him.  He does not connect the two incidents factually in any manner in his complaint.  Accordingly, I recommend that the 91-A claim be dismissed for lack of jurisdiction, without prejudice to Briand refiling this claim in a court of competent jurisdiction.

III. Defendant PIDB

Briand's complaint lists both himself and PIDB as plaintiffs in this action.  I presume, based on a certificate Briand filed along with the complaint, that PIDB is a corporate entity that Briand has registered with the New Hampshire Secretary of State's office.  On January 22, 2008, this Court ordered that counsel enter an appearance on behalf of PIDB within twenty days.  To date, no attorney appearance has been filed on behalf of PIDB.

Briand attempts to appear pro se on behalf of both himself and PIDB.  It is well settled that a corporation, trust, or any other unincorporated association may not be represented pro se, or be a pro se party, but must be represented by licensed counsel.  See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); In re Victor Publishers, Inc., 545 F.2d 285, 286 (1st Cir. 1976); see also LR 83.2(d) ("Persons who are not members of the bar of this court . . . will be allowed to appear before this court only on their own behalf."); LR 83.6(c) ("A corporation or unincorporated association may not appear in any action or proceeding pro se.").

Plaintiff, who I presume is not a licensed attorney admitted to the bar of this Court, cannot represent a corporation pro se.  As no attorney has filed an appearance on behalf of PIDB, I recommend that PIDB be dismissed from this action without prejudice to being reinstated as a plaintiff in this case should it obtain representation in this matter by licensed counsel

admitted to practice in this Court. Briand may continue to represent himself pro se in his individual capacity.

## Conclusion

For the foregoing reasons, I recommend dismissal of the FOIA and 91-A claims, and of plaintiff PIDB from this action. In my Simultaneous Order, I direct that the Fourth Amendment claim be served on defendants Watson and Pake.

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_/s/ James R. Muirhead_
James R. Muirhead
United States Magistrate Judge

Date:   June 26, 2008

cc:     John S. Briand, pro se
        Public Integrity Data Base of New England